a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LAWRENCE PAUL BILLIMEK #36094-510, Petitioner | CIVIL DOCKET NO. 1:25-CV-01608 SEC P |
| VERSUS | JUDGE EDWARDS |
| WARDEN F C I POLLOCK SATELLITE CAMP, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Lawrence Paul Billimek ("Billimek"). Billimek is imprisoned at the Federal Correctional Institution in Pollock, Louisiana ("FCI Pollock"). He challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because Billimek failed to exhaust administrative remedies and state a viable claim for relief, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I.  Background

Billimek pleaded guilty to securities fraud "in connection with a long-running insider trading scheme." *United States v. Billimek*, 22-CR-675, 2024 WL 3455286, at *1 (S.D.N.Y. June 19, 2024). He was sentenced to 70 months of imprisonment and three years of supervised release. *Id.*

1

Billimek challenges the computation of his sentence by the Bureau of Prisons ("BOP"), and its failure to transfer him to pre-release custody.

## II.   Law and Analysis

A petitioner seeking relief under § 2241 must first exhaust administrative remedies through the BOP's four-step process. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). First, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may file a national appeal to the Office of General Counsel as the final step in the administrative appeal process. *Id.* Only after exhausting these available administrative remedies may an inmate seek relief through a § 2241 petition. *See Gabor*, 905 F.2d at 78 n. 2.

The exhaustion requirement applies to the computation of sentences. *See, e.g. Gabor*, 905 F.2d at 78 n.2; *see also Rodriguez v. Lamar*, 60 F.3d 745, 747 (11th Cir. 1995). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Williams v. Willis*, 765 F. App'x 83, 83-84 (5th Cir.

2019) (citations omitted); *see also Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). The petitioner has the burden of demonstrating that an exception to the exhaustion requirement applies. *See id.*

Billimek alleges that the exhaustion requirement should be excused because completing the final two levels "would extend well beyond his lawful prerelease date of July 25, 2025." ECF No. 1-2 at 5. This argument is unavailing. *See, e.g., Owen v. Hall*, 24-CV-2868, 2024 WL 4819440, at *2 (S.D. Tex. Nov. 15, 2024) (BOP's alleged failure to transfer petitioner to prerelease custody as of the time she filed her habeas petition does not excuse exhaustion requirement); *Goss v. Longley*, 2014 WL 4658970, at *2 (S.D. Miss. 2014) ("possibility of [petitioner's] sentence expiring while the administrative remedy process is pending falls short of the 'extraordinary circumstances' required"); *Falcon v. Upton*, 2014 WL 712547, at *2 (N.D. Tex. 2014) (denying petition as unexhausted in spite of petitioner's claim that exhaustion would have interfered with her ability to obtain the full 12 months of placement in a halfway house).

Regardless, even if Billimek had properly exhausted, neither the First Step Act nor the Second Chance Act guarantee placement in pre-release custody for any amount of time. There is no constitutional right to be confined in a particular place—including a residential reentry center. *See Candrick v. Carr*, 4:21-CV-994, 2021 WL 6617671, at *1 (N.D. Tex. 2021) ("it is well settled that there is no constitutionally protected right of a convicted person . . . to be confined in any particular place.").

Moreover, a transfer to pre-release confinement does not affect the length of a sentence—only the place in which the sentence is served. Therefore, a claim related to a transfer to pre-release custody or "community placement" (ECF No. 4-1 at 17) does not arise under § 2241. *See Maxwell v. Thomas*, 23-40699, 2025 WL 1000117, at *1 (5th Cir. 2025) (§ 2241 is "not the proper vehicle" to request a transfer to a reentry center or home confinement because "neither would entitle [the prisoner] to accelerated release").

The BOP should be afforded the opportunity to correct any error made in calculating Billimek's sentence. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention). Billimek is required to exhaust administrative remedies prior to seeking relief in federal court.

### III. Conclusion

Because Billimek failed to exhaust administrative remedies and state a viable claim for relief, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, December 4, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE